**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF**
**IOWA CENTRAL DIVISION**

| | |
|---|---|
| DAVID KRAUTH and JULIE KRAUTH, <br><br> PLAINTIFF, <br><br> vs. <br><br> H & R ACCOUNTS, INC., <br><br> DEFENDANT. | **Civil Action No.  CV-** <br><br><br> **COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiffs, David Krauth (hereinafter referred to as David or Plaintiff) and Julie Krauth (hereinafter referred to as Julie or Plaintiff), by and through their attorney, L. Ashley Zubal, for their Complaint against the Defendant, H & R Accounts, Inc. (hereinafter referred to as H & R or Defendant), alleges as follows:

## I.      INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.      JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.      PARTIES

3. Plaintiffs, David Krauth and Julie Krauth, are natural persons residing in Prescott, Iowa.

4.   Defendant, H & R Accounts, Inc. is a business engaged in the collection of debts owed to another in the state of Iowa.

5.   Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiffs are "debtors" as that term is defined by Iowa Code § 537.7102(6).

6.   Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7.   At some point in time, the Plaintiffs incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Allegent Health Mercy Hospital, which was used for personal, family, or household use.

8.   Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9.   Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.    FACTUAL ALLEGATIONS

10. The Plaintiff, David Krauth, began receiving calls from the Defendant at his place of employment on or about August 19, 2010. The Defendant's representative, a "Jessica Turner," left a message with David's co-worker to have David call her back. Ms. Turner was calling David's employment for purposes other than to verify employment.

11. On or about August 23, 2010, the Defendant's representative, Jessica Turner, contacted the Plaintiff, Julie Krauth's place of employment and left a message for Julie to call H & R back. Ms. Turner failed to state the call was from a debt collector. Ms. Turner contacted the Plaintiff's place of employment for purposes other than to verify employment.

12. The Defendant's representative, Jessica Turner, again contacted David's place of employment on or about September 23, 2010 and September 30, 2010, and left a message to have David call H & R back. Ms. Turner failed to state the call was from a debt collector. Ms. Turner was contacting David's work for purposes other than to verify employment.

13. On or about September 30, 2010, the Plaintiff, Julie Krauth, contacted the Defendant via telephone. Ms. Turner was unavailable. Julie spoke with another representative of the Defendant. Julie requested that the Defendant cease contacting both her and David's place of employment.

Julie also provided her and David's attorney's name and contact information and requested the Defendant contact her attorney.

14. The Defendant's representative, Jessica Turner, again contacted David's place of employment on or about October 7, 2010 and October 14, 2010. Ms. Turner during each call left a message for David to call H & R back.

15. On or about October 14, 2010, the Plaintiff, Julie Krauth, received two calls from H & R on her cell phone. She recognized the phone number to be H & R. H & R did not leave a message. Julie received the telephone calls subsequent to providing her attorney's name and contact information.

16. As a result of the above-referenced communications, the Plaintiff, David Krauth, has experienced the following including, but not limited to: embarrassment, humiliation, frustration, anger, stress, loss of sleep and anxiety.

17. As a result of the above-referenced communications, the Plaintiff, Julie Krauth, has experienced the following including, but not limited to: frustration, anger, stress, loss of sleep and anxiety.

## V.     THE PLAINTIFF, DAVID KRAUTH'S FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

18. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17.

19. H & R Accounts, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

a. The Defendant violated 15 U.S.C. § 1692b(1)(3) by contacting the same third party on more than one occasion without a request to do so and contacting the third party for purposes other than to verify location information of the debtor.

b. The Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with or attempting to communicate with the debtor in connection with the collection of a debt when the debt collector knows the debtor is represented by an attorney and the attorney's name and contact information is known or could be easily ascertained.

c. The Defendant violated 15 U.S.C. § 1692c(b) by contacting the Plaintiff's place of employment or other third parties in connection with the collection of any debt, without the express permission of the Plaintiff.

d. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

e. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

f. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

20. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

21. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

22. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.    THE PLAINTIFF, DAVID KRAUTH'S SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

23. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17.

24. H & R Accounts, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692b(1)(3); 1692c(a)(2); 1692c(b); 1692d(5); 1692e(11); and 1692f.

b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual times or locations known to be inconvenient, with the intent to annoy, harass or threaten a person.

    c.   The Defendant violated Iowa Code § 537.7103(3)(a) by communicating with third parties without the Plaintiff's permission, to persons who would not be expected to be liable for the debt, for purposes other than to verify employment and more than once in a one month period.

    d.   The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

25. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

26. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

27. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

## VII.    THE PLAINTIFF, JULIE KRAUTH'S FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

28. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17.

29. H & R Accounts, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

    a.   The Defendant violated 15 U.S.C. § 1692b(1) by contacting a third party for purposes other than to verify location information of the debtor.

    b.   The Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with or attempting to communicate with the debtor in connection with the collection of a debt when the debt collector knows the debtor is represented by an attorney and the attorney's name and contact information is known or could be easily ascertained.

    c.   The Defendant violated 15 U.S.C. § 1692c(b) by contacting the Plaintiff's place of employment or other third parties in connection with the collection of any debt, without the express permission of the Plaintiff.

d. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

e. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

30. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

31. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

32. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VIII. THE PLAINTIFF, JULIE KRAUTH'S SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

33. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17.

34. H & R Accounts, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692b(1); 1692c(a)(2); 1692c(b); 1692d(5); and 1692f.

b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual times or locations known to be inconvenient, with the intent to annoy, harass or threaten a person.

c. The Defendant violated Iowa Code § 537.7103(3)(a) by communicating with third parties without the Plaintiff's permission, to persons who would not be expected to be liable for the debt, for purposes other than to verify employment.

35. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

36. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

37. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiffs, David Krauth and Julie Krauth, respectfully request that judgment be entered against the Defendant, H & R Accounts, Inc., that the Plaintiffs be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## 38. JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

   /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF